JOHN A. NAPPER, PLAINTIFF, v. WEST JERSEY AND SEA-
SHORE RAILROAD COMPANY, DEFENDANT.

JOHN W. SNYDER, PLAINTIFF, v. WEST JERSEY AND SEA-
SHORE RAILROAD COMPANY, DEFENDANT.

Submitted May term, 1928—Decided November 23, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Bourgeois & Coulomb.*

*Contra, Ralph W. Westcott* and *Robert J. Tait Paul.*

PER CURIAM.

This is a review of the third trial of these cases in two of
which trials verdicts were rendered for the plaintiffs and in
one the jury disagreed. The cases are now before us on rules
for new trials and eight identical reasons are urged in each
case for making the rules absolute. These reasons are: (1)
verdict against the weight of the evidence; (2) verdict exces-
sive; (3) verdict result of prejudice and passion in the jury;
(4) legal evidence of defendants erroneously excluded; (5)
illegal evidence of the plaintiffs erroneously admitted; (6)
erroneous instruction on the law to the jury; (7) erroneous
refusal to charge defendant's several requests; (8) erroneous
charging of plaintiffs' requests.

Rule 125 of the Supreme Court requires that the party entering a rule for new trial "shall write down the reasons upon which he rests such motion with such particularity as is now required in stating grounds of appeal." Tested by this requirement it is obvious that reasons 4, 5, 6, 7 and 8 do not adequately state any reason upon which this court can act, and leaves only the question of the weight of the evidence and the amount of the verdicts.

It is true that in the arguments counsel for the rule specify the denial of the defendant's requests 4 and 5, but this does not supply the place of the reasons themselves. The court is entitled to know precisely the specific rulings to be dealt with and opposing counsel what he is expected to meet when the argument of the rule is presented. It will be observed that in the rule cited the last twelve words are italicized, emphasizing the purposes and importance of the requirement. In the case of *State* v. *Blaine*, 6 *N. J. Adv. R.* 506, the general subject of the sufficiency of assignments of error in criminal cases was considered in a careful opinion by Mr. Justice Parker, and it was stated that the assignment of the refusal to charge requests recited by number only is irregular and insufficient, citing both criminal and civil cases as authority. Much more irregular and insufficient is it therefore when the reasons are simply that the court erred in refusing to charge generally the requests of the defendant and in charging those of the plaintiff (nineteen in number in the one case, and eleven in the other).

Coming to the valid reasons, the only one argued is that the verdict is against the weight of the evidence on the negligence of the defendant and the contributory negligence of the plaintiffs. The cases were to recover damages for personal injuries received in a collision between an automobile in which the plaintiffs were riding and a train of the defendant, and for damages to Napper's car. Napper and Snyder were proceeding northward along the Glassboro road, and when they reached the tracks of the defendant the gate on that side being broken was not lowered, the defendant apparently relying on the signals from the train and a watchman stationed

at the crossing. Of this defective condition of the gates no notice was posted as required by section 1 of the act of 1909 (*Pamph. L., p.* 137), which enacts that where safety gates designed to protect the traveling public are erected, any person approaching such crossing shall, during such hours as posted notice at said crossing shall specify, be entitled to assume that such safety gates are in good and proper order and will be duly operated unless a written notice bearing the inscription "Out of Order" be posted at a conspicuous place at such crossing, or that the flagman will guard the crossing with sufficient care whereby the traveler will be warned of his danger.

The night was dark and drizzly. It became therefore a question for the jury whether (the gate being out of order and no sign to that effect being posted) the company had adequately met its obligation to warn the plaintiffs. In view of the fact that this is the second concurring verdict and that the evidence was conflicting, we are constrained to refuse to grant a new trial.

The rules are discharged.